IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TASHA MCRANIELS,

        Plaintiff,

     v.                                          Case No. 15-cv-802-wmc

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS and ROBERT A.
MCDONALD, SECERTARY OF VETERANS
AFFAIRS,

        Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR 12(b)(1)**

---

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................1

SECTIONS 504 AND 505 OF THE REHABILITATION ACT ...............................2

ARGUMENT...........................................................................................................4

    I.      THERE IS NO PRIVATE RIGHT OF ACTION UNDER § 504 OF THE
           REHABILITATION ACT FOR PLAINTIFF TO BRING SUIT.....................5

          A.      There is No Express Cause of Action Under § 504 Against
                Defendants in this Case........................................................................6

          B.      There is No Implied Cause of Action Under §504 Against
                Defendants in this Case........................................................................9

          C.      Plaintiff Does Not Allege a Cause of Action under the APA and a
                Lack of Final Agency Action Precludes Her from Doing So ..........18

          D.      The Declaratory Judgment Act Does Not Provide a Basis for a
                Claim Against Defendants...................................................................19

    II.     PLAINTIFF'S CLAIM FOR MONETARY DAMAGES IS BARRED BY
           SOVEREIGN IMMUNITY .............................................................20

          A.      Absent a Waiver of Sovereign Immunity from the United States,
                Courts Lack Subject Matter Jurisdiction to Hear Suits against the
                United States or its Agencies and Officers .......................................20

          B.      Plaintiff's Claim for Monetary Damages Is Barred by Sovereign
                Immunity.............................................................................................22

CONCLUSION......................................................................................................22

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Sandoval,*
532 U.S. 275 (2001) ................................................................................ 5, 9, 11

*Ardestani v. INS,*
502 U.S. 129 (1991) ........................................................................................ 21

*Ark. Adapt v. Johnson,*
No. 97-2564, 1998 WL 279356 (8th Cir. June 2, 1998) ................................... 17

*Boone v. City of Milwaukee,*
No. 08-C-0167, 2011 WL 4472845 (E.D. Wis. Sept. 26, 2011) ......................... 2

*Brown v. U.S. Postal Inspection Serv.,*
No. H-14-1756, 2014 WL 7072021 (S.D. Tex. Dec. 12, 2014) ......................... 10

*Cannon v. Univ. of Chicago,*
441 U.S. 677 (1979) ................................................................... 5, 10, 15, 18

*Clark v. Skinner,*
937 F.2d 123 (4th Cir. 1991) ........................................................................ 5

*Cousins v. Sec'y of U.S. DOT,*
880 F.2d 603 (1st Cir. 1989) (en banc) .............................................. 5, 8, 12, 17

*Dawson v. Great Lakes Higher Educ. Loan Servs., Inc.,*
No. 15-cv-475-bbc, 2016 WL 426610 (W.D. Wis. Feb. 3, 2016) ..................... 21

*Dep't of the Army v. Blue Fox,*
525 U.S. 255 (1999) ........................................................................................ 21

*Douglas v. Indep. Living Ctr. of S. Cal., Inc.,*
132 S. Ct. 1204 (2012) ................................................................................... 17

*Edelson v. Ch'ien,*
405 F.3d 620 (7th Cir. 2005) ........................................................................ 9

*Engleking v. Labor & Ind. Review Com'n,*
No. 14-cv-314-jdp, 2014 WL 3891652 (W.D. Wis. Aug. 7, 2014) ................... 21

*FDIC v. Meyer,*
510 U.S. 471 (1994) ................................................................................ 20, 21

*Franklin v. Massachusetts,*
505 U.S. 788 (1992) ........................................................................................ 18

*Gary v. FTC,*
526 F. App'x 146, No. 12-3732, 2013 WL 1834564 (3d Cir. May 2, 2013) ..................... 11

*Godwin v. Sec'y of HUD,*
356 F.3d 310 (D.C. Cir. 2004) (per curiam) ...................................................... 17

*Gossmeyer v. McDonald,*
128 F.3d 481 (7th Cir. 1997) ....................................................................... 2

*Int'l Union of Operating Eng'rs, Local 150 v. Ward,*
563 F.3d 276 (7th Cir. 2009) ....................................................................... 6

*Kentucky. v. Graham,*
473 U.S. 159 (1985) ............................................................................ 2, 21

*Kinneary v. City of N.Y.,*
358 F. Supp. 2d 356 (S.D.N.Y. 2005) ............................................................. 5

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) ............................................................................... 20

*Kontos v. U.S. Dep't of Labor,*
826 F.2d 573 (7th Cir. 1987) ..................................................................... 20

*Krumel v. City of Fremont,*
No. 01-cv-259, 2002 WL 808633 (D. Neb. Jan. 2, 2002) ...................................... 6, 17

*Lane v. Pena,*
518 U.S. 187 (1996) ............................................... 4, 6, 7, 8, 9, 10 13, 15, 21, 22

*Lee v. City of Chicago,*
330 F.3d 456 (7th Cir. 2003) ..................................................................... 20

*Leibovitch v. Islamic Republic of Iran,*
697 F.3d 561, 570 (7th Cir. 2012) ................................................................ 20

*Maynard v. United States,*
No. 3:CV-06-2331, 2008 WL 4453199 (M.D. Pa. Sept. 30, 2008) ............................. 17

*McCarthy v. Madigan,*
503 U.S. 140 (1992) ............................................................................... 17

*Micalizzi v. Rumsfeld,*
247 F. Supp. 2d 556 (D. Vt. 2003) ............................................................... 19

*Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers,*
414 U.S. 453 (1974) ............................................................................... 11

*Parrott v. United States,*
  536 F.3d 629 (7th Cir. 2008) .......................................................... 22

*Perkins v. U.S. Treasury,*
  No. 14-cv-388-wmc, 2015 WL 1458088 (W.D. Wis. Mar. 30, 2015) ............................. 20

*Reynolds v. United States,*
  549 F.3d 1108 (7th Cir. 2008) ........................................................ 22

*Sai v. Dep't of Homeland Sec.,*
  99 F. Supp. 3d 50 (D.D.C. Apr. 16, 2015) ..................................................... 5, 8

*San Carlos Apache Tribe v. United States,*
  417 F.3d 1091 (9th Cir. 2005) ........................................................ 18

*Schilling v. Rogers,*
  363 U.S. 666 (1960) .................................................................... 19

*Smith v. Booth,*
  823 F.2d 94 (5th Cir. 1987) ........................................................... 21

*Soberal-Perez v. Heckler,*
  717 F.2d 36 (2d Cir. 1983) ........................................................ 10, 15

*Stew Farm, Ltd. v. Nat. Res. Conserv. Serv.,*
  767 F.3d 554 (6th Cir. 2014) ........................................................... 5

*United States v. Mitchell,*
  445 U.S. 535 (1980) ................................................................... 20

*Whittle v. United States,*
  7 F.3d 1259 (6th Cir. 1993) ........................................................... 21

*Wronke v. March,*
  767 F.2d 354 (7th Cir. 1985) .......................................................... 19

*Xiong v. Fischer,*
  787 F.3d 389 (7th Cir. 2015) ........................................................... 2

**STATUTES**

5 U.S.C. § 704 ........................................................................ 18

28 U.S.C. § 2201 .................................................................. 1, 19

29 U.S.C. § 794 ............................................................... <u>passim</u>

29 U.S.C. § 794a .............................................................. <u>passim</u>

## RULES AND REGULATIONS

38 C.F.R. pt. 15 ................................................................................................. 11

38 C.F.R. § 15.170 ............................................................................................ 17

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 57 ........................................................................................ 1, 19

Fed. R. Civ. P. 12 ................................................................................... <u>passim</u>

Defendants, United States Department of Veteran Affairs and Robert A. McDonald, Secretary of Veterans Affairs ("Defendants"), by their attorney, John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, by Assistant United States Attorney Barbara L. Oswald, submit this memorandum of law in support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or 12(b)(1).

## INTRODUCTION

Plaintiff Tasha McRaniels ("Plaintiff"), a deaf individual, brings this action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Compl. at ¶¶1, 4, ECF No. 1.  She alleges Defendants violated § 504 in not providing her with adequate auxiliary aids when her husband was hospitalized at a Veterans Administration ("VA") hospital from June 12 to 15, 2015.  *Id.* at ¶¶1, 4, 11, 14-22, 45-46.  Plaintiff seeks compensatory and other damages pursuant to § 504 of the Rehabilitation Act.  *Id.* at p. 10.  Plaintiff also seeks injunctive relief under unspecified authority, and declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1]  *Id.* at pp. 8-9.

Section 504 does not provide a private right of action against Defendants in this case and Plaintiff's claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Even if a private right of action exists, any claim for monetary damages is barred by sovereign immunity and should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[2]

---

[1]  Plaintiff seeks declaratory relief pursuant to Fed. R. Civ. P. 57.  Compl., p. 8, ECF No. 1.  Rule 57 references the Declaratory Judgment Act, 28 U.S.C. § 2201.  Fed. R. Civ. P. 57.

[2]  Plaintiff has sued both the Department of Veterans Affairs, and Robert A. McDonald, in his official capacity as Secretary of that department.  Compl. at ¶ 7, ECF No. 1.  The claim against

# SECTIONS 504 AND 505 OF THE REHABILITATION ACT

Section 504 of the Rehabilitation Act, upon which Plaintiff relies, was codified at

29 U.S.C. § 794, and reads as follows:

## 29 U.S.C. § 794 Nondiscrimination under Federal grants and programs

### (a) Promulgation of rules and regulations

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity receiving Federal assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

### (b) "Program or activity" defined

For the purposes of this section, the term "program or activity" means all of the operations of--

**(1)**(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

**(2)**(A) a college, university, or other postsecondary institution, or a public system of higher education; or

---

Secretary McDonald is duplicative of the claim against the VA because an official capacity claim constitutes a claim against the government itself. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir. 1997). Should this court find that a private right of action exists in this case, the suit against Defendant McDonald should be dismissed as redundant. *See also Xiong v. Fischer,* 787 F.3d 389, 398 (7th Cir. 2015) (suit against individual in his official capacity is redundant where government agency is defendant as well); *Boone v. City of Milwaukee,* No. 08-C-0167, 2011 WL 4472845, *4 (E.D. Wis. Sep. 26, 2011)(claim against police chief in her official capacity dismissed on grounds that it was duplicative of claim against City).

(B) a local educational agency (as defined in section 7801 of Title 20), system of career and technical education, or other school system;

**(3)**(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship--

 (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

 (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

 **(4)** any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);

any part of which is extended Federal financial assistance.

## (c) Significant structural alterations by small providers

Small providers are not required by subsection (a) of this section to make significant structural alterations to their existing facilities for the purpose of assuring program accessibility, if alternative means of providing the services are available. The terms used in this subsection shall be construed with reference to the regulations existing on March 22, 1988.

## (d) Standards used in determining violation of section

The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201 to 12204 and 12210), as such sections relate to employment.

The Rehabilitation Act contains a separate remedies provision, which was

enacted as § 505 and codified at 29 U.S.C. § 794a:

## 29 U.S.C.A. § 794a Remedies and attorney fees

**(a)**(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)) (and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such

complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5)), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

**(b)** In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

## ARGUMENT

Plaintiff's claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because § 504 of the Rehabilitation Act does not provide a private right of action for disability discrimination by a federal agency conducting a federal program. Rather, judicial review of an agency's actions is available only under the Administrative Procedures Act ("APA"). Plaintiff has not brought an APA claim, most likely because there is no final agency action for this Court to review. Plaintiff's claim for declaratory relief under the Declaratory Judgment Act does not provide independent relief, and, therefore, must be dismissed for failure to state a claim.

Even if this court finds that a private right of action exists under § 504, the United States Supreme Court has held that a claim for monetary damages under § 504 is barred by sovereign immunity. *Lane v. Pena*, 518 U.S. 187 (1986). The Court should dismiss any such claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

I.      THERE IS NO PRIVATE RIGHT OF ACTION UNDER § 504 OF THE
        REHABILITATION ACT FOR PLAINTIFF TO BRING SUIT

Plaintiff alleges that the VA violated § 504 by not providing her with an

interpreter or other appropriate auxiliary aid.  Compl., ECF No. 1.  Even assuming

Plaintiff's allegations are true, [3] the fact that a federal statute has been violated and

some person harmed does not automatically give rise to a private cause of action in

favor of that person.  *Cannon v. University of Chicago,* 441 U.S. 677, 688-89 (1979).  Rather,

a private right of action to enforce federal law must be created by Congress.  *Alexander*

*v. Sandoval,* 532 U.S. 275, 286 (2001).  Courts should not imply a cause of action in the

absence of evidence that Congress intended to create not just a private right, but also a

private remedy.  *Id.*  A plaintiff has the burden of demonstrating that Congress

intended to make a private remedy available.  *Stew Farm, Ltd., v. Natural Resources*

*Conservation Service,* 767 F.3d 554, 562 (6th Cir. 2014)(citing *Suter v. Artist M.,* 503 U.S.

347, 363 (1992)).

As evident by the structure and history of § 504, while a private right of action

for Title VI remedies may exist against a non-federal entity that receives federal

financial assistance, there is no private right of action under § 504, express or implied,

against federal agencies for disability discrimination in federally-run programs.  *Cousins*

*v. Secretary of Dep't of Transp.,* 880 F.2d 603, 605-07 (1st Cir. 1989)(en banc); *Clark v.*

*Skinner,* 937 F.2d 123, 125-26 (4th Cir. 1991); *Sai v. Dep't of Homeland Sec.,* 99 F. Supp. 3d

50, 2015 WL 8966920 (D.D.C. 2015); *Kinneary v. City of New York,* 358 F. Supp. 2d 356,

---

[3] Defendants dispute that the VA violated Section 504.

359-60 (S.D. N.Y. 2005); *Krumel v. City of Fremont,* No. 01-cv-259, 2002 WL 808633, *4 n.4 (D. Neb. Jan. 2, 2002).

A.     There is No Express Cause of Action Under § 504 Against Defendants in this Case

An express private right of action is "created by the text of a statute" and "states, in so many words, that the law permits a claimant to bring a claim in federal court." *Int'l Union of Operating Engineers Local 150, AFL-CIO v. Ward,* 563 F.3d 276, 283 (7th Cir. 2009). Neither § 504 itself, nor the remedy provisions in § 505, provides an express right of action for Plaintiff in this case.

Turning first to § 504, that section is completely silent as to private causes of actions or private remedies. 29 U.S.C. § 794(a). It cannot, therefore, convey an express right of action. Section 505, the remedies provision, is equally unavailing in creating an express private cause of action here. Section 505(a)(1), by its terms, is limited to violations of Section 501 of the Rehabilitation Act against "any employee or applicant for employment." 29 U.S.C. § 794a(a)(1). Plaintiff does not allege a violation of § 501 or employment discrimination. Compl., ECF No. 1. Section 505(a)(2) is the remedy section specific to violations of § 504. 29 U.S.C. § 794a(a)(2). That section, however, is also limited. It provides Title VI rights and remedies for violations of § 504, but *only* for discrimination by non-federal entities receiving financial assistance or federal providers of such financial assistance. *Id.* That provision is inapplicable in this case.

A discussion of the Supreme Court's decision in *Lane v. Pena,* which addressed the question of sovereign immunity under § 504, is nonetheless appropriate here. In

that case, the Court was asked to decide whether the United States had waived its sovereign immunity against awards of money damages for violations of the Rehabilitation Act by a federal agency. [4] *Lane v. Pena,* 518 U.S. at 189. In that case, the plaintiff's enrollment at the Merchant Marine Academy was terminated on the grounds that his diabetes disqualified him from service. *Id.* The plaintiff sued the Secretary of the Department of Transportation, the agency responsible for operating the Academy, alleging his termination was a violation of § 504 of the Rehabilitation Act. *Id.* The defendants claimed that the United States was protected against damages suits by the doctrine of sovereign immunity. *Id.* The plaintiff argued that §§ 504(a) and 505(a)(2) together established a waiver of the Federal Government's sovereign immunity against monetary damages for violations of § 504(a) by Executive agencies. *Id.* at 192. The Supreme Court held that there was no such waiver of the government's sovereign immunity. *Id.*

The Court specifically looked to the remedy provisions in § 505 to determine whether those provisions established a waiver of sovereign immunity for violations of § 504 by federal agencies. *Id.* at 193. The Court pointed out that while Congress made Title VI remedies available for violations by "recipients of Federal assistance or Federal providers of such assistance," § 505(a)(2) "makes no mention whatsoever of 'program[s] or activit[ies] conducted by an Executive agency,' the plainly more far-reaching language Congress employed in § 504(a) itself." *Id.* From this the Court found that the

---

[4] The United States did not appeal a grant of injunctive relief in that case so the question before the Court was limited to monetary damages. *Lane,* 518 U.S. at 190.

inclusion of the reference to "Federal provider[s] of financial assistance" in § 505(a)(2) did not extend a waiver of the Federal Government's immunity beyond the narrow category of § 504(a) violations committed by federal funding agencies acting as "federal providers of financial assistance." *Id.* The Court further rejected an argument that the Department of Transportation was a federal provider with respect to the Merchant Marine Academy for purposes of § 505(a)(2) because the department administers the Academy itself. *Id.* at 195 (citing *Dep't of Transp. v. Paralyzed Veterans of America,* 477 U.S. 597, 612 (1986)(funds actually provided to an entity the Federal Government manages itself do not render the agency a "Federal Provider.")).

Thus, it is clear from the Court's analysis in *Lane* that § 505(a)(2), by its terms, is simply not applicable to executive agencies or federal agencies conducting their own programs or activities. The Court's analysis in *Lane* was admittedly directed at the question of sovereign immunity; however, its recognition of the limitations as to the language and structure of §§ 504 and 505(a)(2) is equally persuasive in demonstrating that the statute conveys no private right of action against federal agencies conducting federal programs. *See Sai v. Dep't of Homeland Sec.,* 99 F. Supp. 3d 50, 2015 WL 8966920, *8 (D.D.C. 2015)(relying on *Lane v. Pena* in holding there is no private right of action against federal agencies under the Rehabilitation Act).

Section 505(b), the remaining remedy provision, also does not convey a private right of action against federal defendants because it does not specifically refer to actions against the government. *Cousins, supra,* 880 F.2d at 607. Rather, that section merely provides for fees and other costs in allowable administrative proceedings and suits. 29

8

U.S.C. § 794a(b). As a result, it does not provide an independent basis for a private

right of action. *See Lane*, 518 U.S. at 194 (Provision for attorney's fees does not constitute

waiver of sovereign immunity for actions against federal agencies).

Because neither § 504 nor § 505 provides for suits for violations of § 504 by

federal agencies conducting federal programs, no express right of action exists under §

504.

B.      There is No Implied Cause of Action Under § 504 Against Defendants in
        this Case

For similar reasons, there is also no *implied* private right of action under § 504

against federal agencies conducting their own programs or activities. An implied

private right of action is derived from Congressional intent. *Sandoval*, 532 U.S. at 286-

87. Without such intent, "a cause of action does not exist and courts may not create one,

no matter how desirable that might be as a policy matter, or how compatible with the

statute." *Id.* In determining whether a statute implies a cause of action, a court must

consider "whether Congress intended an implied right of action . . . in light of the

statute's language, structure, and legislative history." *Edelson v. Chi'ien*, 405 F.3d 620,

630 (7th Cir. 2005)(quoting *Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1249

(7th Cir. 1997)).

The language, structure, and history of § 504 are all devoid of any inference that

Congress intended a private right of action against federal agencies conducting their

own programs or activities.

1.  No private right of action can be implied by the language and structure of § 504.

As previously discussed, Congress chose not to include executive agencies in the remedies provisions set forth in § 505(a)(2) and the VA here cannot be considered a "federal provider" for purposes of that section. The Court in *Lane v. Pena* compared the language of § 505(a)(2) applicable to violations of § 504, with 505(a)(1), which applies to violations of § 501 in employment. *Id.* at 193. The Court pointed out that § 505(a)(1) is worded to apply to "any complaint under section 501", while § 505(a)(2) did not use analogous language to make it applicable to "any complaint under section 504." *Id.* From this, the Court reasoned that Congress did not intend to make § 505(a)(2) applicable to all federal agencies, stating:

> Had Congress wished to make Title VI remedies available broadly for *all* § 504(a) violations, it could easily have used language in § 504(a)(2) that is as sweeping as the "any complaint" language contained in § 505(a)(1).

*Id.* at 193.

Moreover, the only remedies specified by Congress for violations of § 504, are the remedies available under Title VI of the Civil Rights Act of 1964. Courts have held that suit against the federal government are not available under Title VI. *See Soberal–Perez v. Heckler,* 717 F.2d 36, 38-41 (2d Cir. 1983)(Title VI suits not allowed against federal agencies directly administering programs); *Brown v. U.S. Postal Inspection Service,* No. H-14-1756, 2014 WL 7072021, *2 (S.D. Tex. Dec. 12, 2014)(because Title VI does not constitute a waiver of sovereign immunity, plaintiff failed to state claim against U.S. Postal Service). *See also Cannon v. University of Chicago,* 441 U.S. 677, 715, n.51

(1979)("Although willing to extend private rights against discriminatory recipients, [in enacting Title VI] the Government may not have been anxious to encourage suits against itself."); *Gary v. F.T.C.,* 526 Fed. Appx. 146, 2013 WL 1834564 (3d Cir. 2013)( Title VI does not apply to federal agencies such as FTC).

Rather than extend Title VI remedies to executive agencies for violations of § 504, Congress instead required those agencies to establish administrative procedures to enforce § 504 in federal programs.  29 U.S.C. § 794(a).  Congress's decision to use the administrative complaint process, and not federal courts, to resolve § 504 claims against federal agencies thus compels the conclusion that no implied private right of action can be found in the statute.  *See Sandoval*, 532 U.S. at 290 (where Congress has expressly designated a certain enforcement mechanism and omitted others, courts should not read those omitted remedies into the statute); *National R.R. Passenger Corp. v. Nat'l Assoc. of R.R. Passengers,* 414 U.S. 453, 458 (1974)("When legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.").

The VA established administrative procedures pursuant to § 504, setting forth requirements for compliance with § 504 and administrative complaint procedures for any alleged violations.  *See* 38 C.F.R. Part 15.  Plaintiff alleges the VA violated those regulations in failing to provide her with an interpreter.  Compl. at ¶¶ 36-41, 44.  Even if Plaintiff can demonstrate that the VA violated its regulations, no private right of action can be implied.  Administrative regulations cannot create a private right of action where none exists in the statute.  *See Sandoval,* 532 U.S. at 291 ("Language in a regulation may

invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.").  Allowing a private right of action, in lieu of use of the administrative procedures established by agencies pursuant to § 504, would frustrate the statutory scheme created by Congress.

Finally, the language in § 505(b) implies no private right of action.  *See Cousins, supra,* 880 F.2d at 607 ("We do not think that the mere presence of an attorneys' fees provision means the Rehabilitation Act creates an implied right of action against federal agencies.").

2. A private right of action cannot be implied based on the history of § 504.

The legislative history of the Rehabilitation Act further emphasizes that no private right of action should be implied here.  The Rehabilitation Act was originally enacted in 1973.  Pub. L. 93-112.  Section 504 was originally enacted to read as follows:

Section 504.  NONDISCRIMINATION UNDER FEDERAL GRANTS

No otherwise qualified handicapped individual in the United States, as defined in Section 7(6), shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

Pub. L. 93-122, § 504.

The original language of § 504 is significant to this lawsuit for two reasons.  First, the original provision prohibited discrimination only with respect to "any program or activity receiving federal financial assistance."  In other words, it applied initially only to non-federal entities, not to any programs or activities conducted by federal agencies.  Second, there was no remedy provision enacted with Section 504.  *See* Pub. L. 93-112.

In 1978, Congress amended § 504 to extend its applicability to programs or activities conducted by Executive agencies:

NONDISCRIMINATION UNDER FEDERAL GRANTS <u>AND PROGRAMS</u>

No otherwise qualified handicapped individual in the United States, as defined in Section 7(6), shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. <u>or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.</u>

Publ. L. 95-602 §119 (emphasis added).

At the same time, Congress also enacted § 505 to provide a remedy provision for the Rehabilitation Act. Pub. L. 63-102, § 120. Section 505 as originally enacted was substantively identical to its current form. *Id.*

Congress's choice in how it amended § 504 and created § 505 in 1978 is notable because its inclusion of "executive agencies" in § 504 was done *simultaneously* with the creation of the remedies provisions in § 505, yet Congress chose to exclude executive agencies in § 505(a)(2). *See* Pub. L. 63-102, §§ 119 and 120. That omission is presumed to be intentional. *Lane,* 518 U.S. at 192-93.

Congress has made substantive changes to § 504 twice since 1978. The first was in 1988, when Congress amended § 504 as follows:

# NONDISCRIMINATION UNDER FEDERAL GRANTS AND PROGRAMS

(a)No otherwise qualified handicapped individual in the United States, as defined in Section 7(6), shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.  Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(b)  For the purposes of this section, the term 'program or activity' means all of the operations of —
>    (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>    (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;
>    (2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or
>    (B) a local educational agency (as defined in section 198(a)(10) of the Elementary and Secondary Education Act of 1965), system of vocational education, or other school system;
>    (3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship —
>>        (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or
>>        (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or
>    (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or
>    (4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);
>    any part of which is extended Federal financial assistance.

> (c) Small providers are not required by subsection (a) to make significant structural alterations to their existing facilities for the purpose of assuring program accessibility, if alternative means of providing the services are available. The terms used in this subsection shall be construed with reference to the regulations existing on the date of the enactment of this subsection.

Pub. L. 100-259, § 4 (emphasis added).  These amendments, which left unchanged § 505 and the provisions in § 504 relating to Executive agencies, are further significant because they were prompted by Supreme Court decisions that Congress found too restrictive in their interpretation of § 504 and other civil rights laws.  *See* Pub. L. 100-259, § 2 ("Congress finds that… certain aspects of recent decisions and opinions of the Supreme Court have unduly narrowed or cast doubt upon the broad application of title IX of the Education Amendments of 1972, section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and title VI of the Civil Rights Act of 1964.").

Thus, Congress clearly could, and did, amend § 504 in response to judicial interpretation.  Yet Congress enacted these amendments *after* the Supreme Court held in *Lane v. Pena* that § 505(a)(2) was essentially inapplicable to executive agencies.[5]  It can be assumed then, that Congress, while aware of the *Lane* decision, did not see fit to change either § 504 or § 505 to make the provisions in §505(a)(2) applicable to executive agencies.  *See Cannon*, 441 U.S. at 696-97 (Court should presume Congress was thoroughly familiar with important decisions from federal courts and expected its legislative enactment to be interpreted in conformity with those decisions).

---

[5]  The 1988 amendments were also enacted after decisions such as *Cannon v. University of Chicago, supra,* and *Soberal–Perez v. Heckler*, 717 F.2d 36, 38-41 (2d Cir. 1983), which first implicitly, and later explicitly, interpreted Title VI as providing no private rights of action against the federal government.  Congress's failure to amend § 505(a)(2) after such decisions is significant for that reason as well.

Congress made its final substantive change to § 504 in 1992, adding a new subsection to incorporate the employment discrimination standards from the Americans with Disabilities Act:

 (d) The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201–12204 and 12210), as such sections relate to employment.

Pub. L. 102-569, § 506.  As with the 1988 amendment to § 504, this amendment left unchanged the provisions applicable to Executive agencies for violations of § 504.

Congress has made other amendments to both § 504 and § 505 to update statutory language and internal statutory references.  *See*, e.g., Pub. L. 100-630 § 206 (replacing the words "his handicap" with "his or her handicap" in § 504(a) and replacing reference to "section 198(a)(10)" with "section 1471(12)"in § 504(b)(2)(B)). None of these additional amendments, however, changed the substance of either section or changed the provisions applicable to executive agencies.

The language, structure, and legislative history of § 504 thus demonstrates that Congress did not intend a private right of action against federal agencies for discrimination in federally-conducted programs.

3.    Administrative remedies are available and once a complainant exhausts such remedies, judicial review is available under the APA.

The fact that the Rehabilitation Act does not authorize a suit against the VA in this case does not leave Plaintiff without available remedies.  A person who encounters disability discrimination in a federal program can lodge an administrative complaint,

which the agency will investigate and resolve. *See, e.g.*, 38 C.F.R. § 15.170. Once the

agency's resolution is final, judicial review of the agency decision is available under the

APA. *See* 5 U.S.C. §§ 702, 704; *Krumel v. City of Fremont*, No. 01-259, 2002 WL 808633, at

*4 (D. Neb. Jan. 2, 2002) (plaintiff had no § 504 cause of action against the Postal Service

because there is no reason to believe that administrative complaint process would be

ineffective and judicial review is available through the APA); *Maynard v. United States*,

No. 3:CV-06-2331, 2008 WL 4453199, at *1 n.3 (M.D. Pa. Sept. 30, 2008) (following

*Krumel*).[6]

The APA is the presumptive mechanism for reviewing agency action, *see Douglas

v. Indep. Living Ctr. of S. California, Inc.*, 132 S. Ct. 1204, 1210–11 (2012), and its

availability for reviewing allegedly unlawful agency actions further supports the

conclusion that direct review under § 504 is unavailable to Plaintiff, *see Cousins*, 880 F.2d

at 610 ("[T]he APA's review procedures seem an appropriate way for [the plaintiff] to

challenge the agency action here at issue. There is no reason to strain to find an implied

right of action against federal agencies under § 504."). *See also Godwin v. Sec'y of Hous.

and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam). The availability of APA

review, moreover, dovetails with the congressional command that agencies provide

---

[6] The Supreme Court has recognized that there are many good reasons to require exhaustion: it allows the agency to compile a record, balance competing statutory requirements and policy interests, apply its expertise, and correct problems on its own. *See McCarthy v. Madigan*, 503 U.S. 140, 144–46 (1992) (superseded by statute). These considerations are especially germane to the claims in this case. Plaintiff is seeking program changes at the VA hospital. The VA is thus in the best position to determine, in the first instance, the feasibility of such alterations, the resources that might be marshaled in support of such modifications, and other solutions that might provide alternative means of access. *See Ark. Adapt v. Johnson*, No. 97-2564, 1998 WL 279356 at *1 (8th Cir. June 2, 1998) (noting that GSA has "expertise" to address § 504 claims against facilities of the agencies, making exhaustion appropriate).

administrative remedies for § 504 violations in federal programs.  *See* 29 U.S.C. § 794(a).

Finding an implied § 504 right of action against federal agencies would undermine this

administrative scheme.  *See Cannon v. University of Chicago, supra,* 441 U.S. at 703

(private remedy should not be implied if it would frustrate underlying purpose of

statutory scheme); *San Carlos Apache Tribe v. United States,* 417 F.3d 1091, 1096 (9th Cir.

2005) ("To permit a case to proceed directly under a federal statute and bypass the APA

is not without consequence. . . .  Were litigants able to sue directly under [a federal

statute], they would be able to sidestep the traditional requirements of administrative

review under the APA.")(internal citations omitted).

　　　As the language of the statute, the legislative history, and the availability of APA

review make clear, § 504 affords no private right of action that enables Plaintiff to seek

relief from this Court.  Any claim under § 504 against Defendants must, therefore, be

dismissed under Fed. R. Civ. P. 12(b)(1).

　　　C.　　Plaintiff Does Not Allege a Cause of Action under the APA and a Lack of
　　　　　　Final Agency Action Precludes Her from Doing So

　　　While judicial review can sometimes be available under the APA, Plaintiff has

not pleaded a cause of action under the APA, and she cannot do so now.  The APA

authorizes judicial review only of "final agency action for which there is no other

adequate remedy in a court."  5 U.S.C. § 704.  In determining what constitutes final

agency action, "[t]he core question is whether the agency has completed its decision-

making process, and whether the result of that process is one that will directly affect the

parties."  *Franklin v. Massachusetts,* 505 U.S. 788 (1992).  Plaintiff does not allege that she

filed an administrative complaint prior to filing this suit.  As a result, there is no administrative decision to form the basis of an APA claim by Plaintiff. [7]

    D.    The Declaratory Judgment Act Does Not Provide a Basis for a Claim Against Defendants

Finally, Plaintiff's claim for declaratory relief under Fed. R. Civ. P. 57 does not provide a basis for Plaintiff's claim against Defendants.  Declaratory relief under 28 U.S.C. § 2201 merely provides an additional remedy once a court's jurisdiction is otherwise established.  That statute does not provide an independent source of a private cause of action, but instead is merely procedural and only provides an additional remedy once a private cause of action exists.  *See Schilling v. Rogers,* 363 U.S. 666, 677 (1960)(availability of declaratory relief presupposes the existence of a judicially remediable right).  *See also, Micalizzi v. Rumsfeld,* 247 F. Supp. 2d 556, 560 (D. Ver. 2003)(Declaratory Judgment Act does not create independent basis for waiver of sovereign immunity or subject matter jurisdiction in suit against the United States and its agencies)(citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950)); *Wronke v. Marsh,* 767 F.2d 354, 355 (7th Cir. 1985)(Declaratory Judgment Act is merely procedural; it is not a grant of jurisdiction).

As such, Plaintiff fails to state a claim upon which relief could be granted in this case and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

---

[7] Should the Court find Plaintiff has a private right of action under § 504, Defendants reserve the right to file a motion for summary judgment on the grounds that Plaintiff failed to exhaust her administrative remedies.

II.    PLAINTIFF'S CLAIM FOR MONETARY DAMAGES IS BARRED BY
       SOVEREIGN IMMUNITY

Even if this Court were to find there is a private right of action under § 504,

Plaintiff's claim for monetary damages is barred by sovereign immunity.[8]

A.    Absent a Waiver of Sovereign Immunity from the United States, Courts
      Lack Subject Matter Jurisdiction to Hear Suits against the United States or
      its Agencies and Officers

Federal district courts, which are courts of limited jurisdiction, initially presume

they lack jurisdiction and the burden of establishing jurisdiction rests on the party

asserting it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*  511 U.S. 375, 377 (1994)(citations

omitted).  Thus, a plaintiff bears the burden of establishing that the requirements of

federal subject matter jurisdiction have been met.  *See Konos v. U.S. Dep't of Labor,* 826

F.2d 573, 576 (7th Cir. 1987)(citation omitted); *Lee v. City of Chicago,* 330 F.3d 456, 468

(7th Cir. 2003)(citation omitted).

The United States, as a sovereign, is immune from suit except to the extent it

consents to be sued.  *United States v. Mitchell,* 445 U.S. 535, 538 (1980).  The terms of the

United States' consent to be sued in any court defines that court's jurisdiction to hear

the suit.  *Id.*  If the United States has not expressly waived its sovereign immunity,

courts lack subject matter jurisdiction over any claims against the United States or its

agencies.  *F.D.I.C. v. Meyer,* 510 U.S. 471 (1994).  *See also, Perkins v. United States Treasury,*

No. 14-cv-388-wmc, 2015 WL 1458088 *2-3 (W.D. Wis. Mar. 30, 2015)(because the United

States did not waive its sovereign immunity, complaint must be dismissed for lack of

---

[8]  A waiver of sovereign immunity is "analytically distinct" from a private right of action.
*Leibovitch v. Islamic Republic of Iran*, 697 F.3d 561, 570 (7th Cir. 2012).

subject matter jurisdiction)(citing *United States v. Testan*, 424 U.S. 392, 399 (1976));

*Engleking v. Labor and Ind. Review Com'n*, No. 14-cv-314-jdp, 2014 WL 3891652 *2 (W.D.

Wis. Aug. 7, 2014)(sovereign immunity waiver is jurisdictional)(citing *FDIC v. Meyer*,

*supra*); *Dawson v. Great Lakes Higher Educ. Loan Services, Inc.*, No. 15-cv-475-bbc, 2016 WL

426610, *3 (W.D. Wis. Feb. 3, 2016)("If the plaintiff fails to meet its burden of

establishing the federal government waived its sovereign immunity, the case must be

dismissed.").

Absent an applicable waiver, sovereign immunity protects the federal

government from any and all suits brought against it, without regard to perceived

unfairness, inefficiency, or inequity. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260

(1999). Any asserted waiver of immunity must be explicit and is strictly construed in

favor of the sovereign; any questions or ambiguities must be resolved against waiver

and in favor of sovereign immunity. *Lane v. Pena, supra,* 518 U.S. at 192; *Ardestani v.*

*I.N.S.,* 502 U.S. 129, 137 (1991).

Sovereign immunity extends to agencies and officers of the United States acting

in their official capacity. *FDIC v. Meyer,* 510 U.S. 471 (1994); *Kentucky v. Graham,* 473 U.S.

159, 165-55 (1985). In the absence of explicit statutory consent to be sued, a federal court

has no jurisdiction over a suit brought against an agency or officer of the United States.

*Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993)(citing *United States v. Testan,* 424

U.S. 392 (1976)); *Smith v. Booth,* 823 F.2d 94, 96-97 (5th Cir. 1987).

B.      Plaintiff's Claim for Monetary Damages Is Barred by Sovereign Immunity

Plaintiff's claim for monetary damages for alleged violations by § 504 is barred by sovereign immunity.  As already discussed in Section I above, the United States Supreme Court has specifically held in *Lane v. Pena* that neither § 504 itself, nor the remedy provision in § 505(a)(2) for such alleged violations, acts as a waiver of sovereign immunity for suits for monetary damages against federal agencies conducting their own programs and activities.  *Lane v. Pena,* 518 U.S. at 189-92.  In this case, Plaintiff alleges violations of § 504 by the VA in its activities at one of its own facilities.  Compl., ECF No. 1.  Any such claim is barred by the United States' sovereign immunity and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). [9]

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Dismiss.

---

[9] The Seventh Circuit has held that, at least for purposes of the Federal Tort Claims Act, the United States' sovereign immunity does not deprive the Court of subject matter jurisdiction.  *See Parrott v. United States,* 536 F.3d 629, 634 (7th Cir. 2008)(FTCA's statutory exceptions limit breadth of government's waiver of sovereign immunity but do not withdraw subject matter jurisdiction of courts).  Even assuming the Court has subject matter jurisdiction in this case, the lack of waiver of sovereign immunity by the United States is also grounds for dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See Reynolds v. United States,* 549 F.3d 1108, 1111-12 (7th Cir. 2008)(government's motion to dismiss under Rule 12(b)(1) based on sovereign immunity was more properly a motion to dismiss for failure to state a claim).

Dated this 8th day of April, 2016.

Respectfully submitted,

JOHN W. VAUDREUIL
United States Attorney

By:
_____*s/ Barbara L. Oswald*_____
BARBARA L. OSWALD
Assistant United States Attorney
Unites States Attorney's Office
Western District of Wisconsin
222 West Washington Avenue, Suite 700
Madison, WI 53703
(608) 264-5158
(608) 264-5724 (fax)
barbara.oswald@usdoj.gov

Of Counsel

Liliana K. Barry
Staff Attorney
U.S. Department of Veterans Affairs
(414) 902-5047
(414) 902-9406 (fax)
liliana.barry@va.gov