**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

------------------------------------------------------------

| | |
|---|---|
| TASHA MCRANIELS, | 15-cv-802 |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS, | **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
| Defendants. | |

------------------------------------------------------------

Plaintiff, TASHA MCRANIELS, by and through her undersigned counsel, EISENBERG & BAUM, LLP and CROSS LAW FIRM, S.C., for her First Amended Complaint against Defendants, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Tasha McRaniels is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication. During Plaintiff's husband's medical treatment at William S. Middleton Memorial Veterans Hospital, Defendants discriminated against her by failing and/or refusing to provide auxiliary aids and services to accommodate her disability, despite her repeated requests for effective communication.

2. Lip-reading, the ability to understand the speech of another by watching the

1

speaker's lips, does not provide effective communication for most deaf and hard of hearing individuals. In fact, the upper limits of estimates for lip-reading accuracy, in an ideal one-on-one situation, have been as low as 10% to 30%. This is because only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips. Even if a primary ASL user were able to determine the sounds appearing on a speaker's lips, he or she would still not necessarily understand the English language or the speaker's vocabulary, because many deaf individuals, including Plaintiff, have difficulty acquiring and communicating in English. Despite this, Defendants forced Plaintiff to communicate in a medical setting using this unreliable method, which deprived Plaintiff of her right to effective communication.

3. Reliance by deaf individuals upon family members to interpret medical communications for them is unwise and dangerous, insofar as family members generally lack the necessary medical vocabulary and are generally too personally and emotionally involved with the deaf person to act impartially with the emotional detachment that is necessary of qualified sign language interpreters, and as they lack the necessary medical vocabulary that a qualified interpreter would command. Despite this, Defendants forced Plaintiff's husband to interpret for her, which deprived Plaintiff of her right to effective communication.

4. Plaintiff brings this action to compel Defendants to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' health care services. Plaintiff seeks declaratory, injunctive, and equitable relief; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and/or Defendants' unlawful action in violation of the Administrative Procedure Act, 5 U.S.C § 701 et seq.

## THE PARTIES

5. Plaintiff TASHA MCRANIELS brings this action and is an individual residing at 1113 Plum Street, Wisconsin Dells, Wisconsin 53965. Tasha McRaniels is a profoundly deaf individual who primarily communicates in American Sign Language, and she is substantially limited in the major life activities of hearing and speaking within the meaning of the Rehabilitation Act.

6. Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS is an Executive agency of the United States of America, administered by the United States Secretary of Veterans Affairs. As an Executive agency of the federal government, Defendant is subject to the requirements of the Rehabilitation Act and the Administrative Procedures Act.

7. Defendant ROBERT A. MCDONALD, at all times relevant to this Complaint, has been United States Secretary of Veterans Affairs, in which capacity he oversees and is responsible for all actions taken by the United States Department of Veterans Affairs.

8. Defendants operate William S. Middleton Memorial Veterans Hospital, a hospital located at 2500 Overlook Terrace, Madison, Wisconsin 53705.

## JURISDICTION & VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under federal law; and/or pursuant to 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) because the Defendants are an agency and an officer of the United States, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

11. Tasha McRaniels is a profoundly deaf individual who communicates primarily through American Sign Language ("ASL").

12. Tasha McRaniels has limited proficiency in written English, and requires auxiliary aids and services to communicate effectively in a medical setting.

13. Plaintiff's husband is a veteran who served in the United States armed forces.

14. On or about June 12, 2015, Plaintiff's husband was transferred from another hospital to William S. Middleton Memorial Veterans Hospital so that he husband could receive medical treatment, and Plaintiff accompanied him.

15. Plaintiff's husband requested a sign language interpreter for Plaintiff and on Plaintiff's behalf.

16. Hospital staff refused this request on the basis that Plaintiff was neither a veteran nor a patient.

17. Hospital staff thereafter continued to fail and outright refuse to consider Plaintiff's continuing requests for an ASL interpreter, and failed to provide any auxiliary aids or services to ensure effective communication with her.

18. Throughout her husband's medical treatment, up to and including his discharge on or about June 15, 2015 from the Hospital, Plaintiff had little to no understanding of her husband's medical condition, the tests he underwent and the medication he received, or the instructions for his follow-up care, due to Defendants' failure and/or refusal to provide effective auxiliary aids and services to accommodate her disability.

19. Defendants did not, at any point, provide Plaintiff with auxiliary aids and services to enable her to effectively communicate with Defendants' staff, despite Plaintiff's requests for an onsite ASL interpreter.

20. In most instances, effective communication could not have taken place without the aid of a qualified ASL interpreter.

21. Upon information and belief, Defendants would only have considered accommodating Plaintiff if she had obtained power of attorney over her husband. However, in the event that Plaintiff's husband had lost capacity such that Plaintiff would have had the legal power to make medical decisions for him, Plaintiff would have lacked understanding of her husband's condition and would have been unable to exercise that power and make decisions based on informed consent.

22. Upon information and belief, William S. Middleton Memorial Veterans Hospital does not have or utilize a Video Remote Interpreting ("VRI") service for deaf individuals.

23. Upon information and belief, William S. Middleton Memorial Veterans Hospital only provides foreign language interpretation services, but not ASL interpretation services.

24. Upon information and belief, one reason that the Hospital did not provide Plaintiff with an interpreter is that the Hospital's payment system, at the time relevant to this Complaint, was not able to make payments to outside vendors such as ASL interpreting services.

25. Defendants knew or should have known of their mandatory, nondiscretionary obligations under the Rehabilitation Act to provide accommodations to individuals with disabilities, including individuals who are deaf or hard of hearing, and to develop policies to promote compliance with the Rehabilitation Act.

26. Defendants and their physicians and staff knew or should have known that their actions and/or inactions created an unreasonable risk of causing Plaintiff greater levels of fear, anxiety, indignity, humiliation, and/or emotional distress than a hearing person or companion would be expected to experience.

27. Additionally, as a result of Defendants' failure to ensure effective communication with her, Plaintiff was denied the same opportunities that are readily and routinely provided to hearing companions to participate in the care of family members.

28. Defendants' wrongful and intentional discrimination against Plaintiff on the basis of disability is reflected by the Defendants' failure to train employees and promulgate policies of non-discrimination against deaf individuals.

29. Defendants discriminated against Plaintiff with deliberate indifference to her communication needs, causing her to endure humiliation, fear, anxiety, and emotional distress.

30. Plaintiff anticipates participating in her husband's medical care in the future, whether by choice or necessity, due to the proximity of Defendants' hospital to their home; but she is deterred from doing so due to the discrimination she has faced and expects to face in the future.

## CLAIM 1: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

31. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

32. At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendants' conduct.

33. At all times relevant to this action, the United States Department of Veterans Affairs regulations implementing Section 504 of the Rehabilitation Act, 38 C.F.R. Part 15, have been in full force and effect and have applied to Defendants' conduct.

34. At all times relevant to this action, Plaintiff has had substantial limitations to the major life activities of hearing and speaking, and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

35. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency." 29 U.S.C. § 794.

36. Federal regulations implementing the Rehabilitation Act provide that "[n]o qualified individual with handicaps shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency." 38 C.F.R. § 15.130(a).

37. Federal regulations implementing the Rehabilitation Act provide, in part, that the agency may not "[d]eny a qualified individual with handicaps the opportunity to participate in or benefit from the aid, benefit, or service," nor may it "[a]fford a qualified individual with handicaps an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others." 38 C.F.R. § 15.130(b).

38. Federal Regulations implementing the Rehabilitation Act further provide that "[t]he agency shall take appropriate steps to ensure effective communication with applicants, participants, personnel of other Federal entities, and members of the public." 38 C.F.R. § 15.160(a).

39. Federal Regulations implementing the Rehabilitation Act further provide that "[t]he agency shall furnish appropriate auxiliary aids where necessary to afford an individual with handicaps an equal opportunity to participate in, and enjoy the benefits of, a program or activity conducted by the agency." 38 C.F.R. § 15.160(a)(1).

40. Federal Regulations implementing the Rehabilitation Act further provide that "[i]n determining what type of auxiliary aid is necessary, the agency shall give primary consideration to the requests of the individual with handicaps." 38 C.F.R. § 15.160(a)(1)(i).

7

41. Federal Regulations implementing the Rehabilitation Act further provide that "[t]he agency shall ensure that interested persons, including persons with impaired vision or hearing, can obtain information as to the existence and location of accessible services, activities, and facilities." 38 C.F.R. § 15.160(b).

42. Defendants discriminated against Plaintiff, solely on the basis of her disability, in violation of Section 504 of the Rehabilitation Act and its implementing regulations.

43. Plaintiff is a person aggrieved within the meaning of the Rehabilitation Act, 29 U.S.C. § 794a.

44. Plaintiff is therefore entitled to declaratory and injunctive relief, and an award of attorneys' fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794a.

**CLAIM 2: VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT**

45. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

46. At all times relevant to this action, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., has been in full force and effect and has applied to Defendants' conduct.

47. The Administrative Procedures Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or

by title), and their successors in office, personally responsible for compliance." 5 U.S.C. § 702.

48. The Administrative Procedures Act provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed; and hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." 5 U.S.C. § 706(1)–(2)(A).

49. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the United States Department of Veterans Affairs regulations implementing Section 504 of the Rehabilitation Act, 38 C.F.R. Part 15, have imposed mandatory, nondiscretionary duties upon Defendants.

50. Defendants' actions and/or inactions in both refusing and failing to provide requested auxiliary aids and services to ensure effective communication with Plaintiff, as hereinbefore alleged, were not in accordance with the mandatory, nondiscretionary duties applicable to Defendants by law.

51. Plaintiff is adversely affected and aggrieved by agency action within the meaning of a relevant statute, and is entitled to judicial review thereof pursuant to the Administrative Procedure Act, 5 U.S.C. § 702.

52. Plaintiff is therefore entitled to declaratory and injunctive relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 706.

53. Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants have subjected Plaintiff to unlawful discrimination in violation of Section 504 of the Rehabilitation Act;

b. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' actions, as alleged hereinabove, have not been in accordance with law;

c. Issue an injunction forbidding Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals meaningful access to and full and equal enjoyment of Defendants' facilities, services or programs;

d. Issue an injunction ordering Defendants:

  i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

  ii. to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an on-site interpreter for effective communication, one will be provided as soon as practicable in all services offered by Defendants;

  iii. to develop, implement, promulgate, and comply with a policy to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

iv. to develop, implement, promulgate, and comply with a policy to ensure, in the event Defendants utilize a Video Remote Interpreting System ("VRI"), that such system has a high-speed Internet connection; a video screen with appropriate size, position, capture angle, focus, and proximity to the deaf individual; and appropriate audio quality. When possible, the equipment should be portable and made available to the patient where the patient is located, preferably in a private room to minimize distractions and maintain confidentiality;

v. to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard of hearing patients are able to communicate through the most appropriate method under the circumstances, recognizing that VRI is not appropriate in all medical situations;

vi. to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night;

vii. to train all their employees, staffs, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under Section 504 of the Rehabilitation Act;

viii. to train all their employees, staffs, and other agents on a regular basis about Defendants' policies regarding how to properly use VRI services (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain interpreters when reasonably requested by deaf or hard of hearing patients;

e. Award to Plaintiff:

i. Reasonable costs and attorneys' fees pursuant to the Rehabilitation Act, 29 U.S.C. § 794a, and/or the Equal Access to Justice Act, 28 U.S.C. § 2412;

ii. Any and all other relief that this Court finds necessary and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

EISENBERG & BAUM, LLP

By: /s/ Andrew Rozynski, Esq.
　　Andrew Rozynski, Esq.
　　24 Union Square East, Fourth Floor
　　New York, NY 10003
　　arozynski@eandblaw.com

CROSS LAW FIRM, S.C.

By: s/ Mary C. Flanner
　　Nola J. Hitchcock Cross
　　Wisconsin Bar Number: 1015817
　　Mary C. Flanner
　　Wisconsin Bar Number: 1013095
　　845 North 11th Street
　　Milwaukee, WI 53233
　　Phone: (414) 224-0000
　　Fax: (414) 273-7055
　　njhcross@crosslawfirm.com
　　mflanner@crosslawfirm.com

*Attorneys for Plaintiff*