IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TASHA MCRANIELS,

    Plaintiff,

v.                                                                 Case No.: 15-cv-802-wmc

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS and ROBERT A.
MCDONALD, SECERTARY OF VETERANS
AFFAIRS,

    Defendants.

---

## DECLARATION OF JANE LUDWIG

---

I, Jane Ludwig, hereby declare and state the following:

1. I am employed by the Department of Veterans Affairs ("VA") as the Chief of Social Work and Chaplain Services at the VA's William S. Middleton Memorial Hospital in Madison, Wisconsin ("Madison VA Hospital"). I have held this position since March, 2014. Before becoming Chief of Social Work and Chaplain Services, I was employed at the Madison VA Hospital as a Health Systems Specialist for three years. I have held this position since August, 2011. I began my employment with the VA in 2001 as a social worker at the Madison VA Hospital.

2. The Madison VA Hospital is a 100 bed facility that also has five associated Community-Based Outpatient Clinics ("CBOCs") and one annex clinic located in and

outside of Madison.

3. The Madison VA Hospital and its outpatient clinics have a staff of over 70 social workers to provide services to Veterans obtaining medical care those facilities. Social workers perform a wide variety of services for veterans such as case management and psychotherapy services for high risk, chronically ill, or seriously mentally ill veterans; psychosocial screening, assessment, planning, and intervention; preadmission planning and admission diversion services; discharge planning and coordination; coordination of community-based services; community liaison and networking services; case finding and outreach services; crisis intervention services; professional consultation; and coordination of family conferences and liaison with family members.

4. As Chief of Social Work and Chaplain Services at the Madison VA Hospital, my duties include consulting with VA medical facility leadership on the management of special VA programs; consulting with social workers and other VA medical facility staff on social work practice issues; providing oversight of all the social workers employed at the Hospital and its clinics to ensure social work functions are properly performed; providing patient and family education; and establishing a practice council for oversight of social work practice functions.

5. As part of my duties, I am responsible for the implementation of policies and procedures of programs related to social work services, including policies and procedures regarding the use of interpreters or other auxiliary aids to assist patients and families who have limited English proficiency or who are deaf or hard of hearing language barriers, and/or hearing impairments. I am further responsible to act as

liaison to coordinate for interpreting services for Madison VA Hospital staff.

6. I am aware that Tasha McRaniels has filed a lawsuit alleging that the VA failed to provide her with any auxiliary aids for her hearing impairment while her husband was hospitalized in June 2015. I am further aware that Ms. McRaniels is alleging that the Madison VA Hospital did not have, or does not have, a contract in place for provision of interpretive services to deaf individuals.

7. To my knowledge, prior to June 2015, the Madison VA Hospital had not received a request for a sign language interpreter in my 15 years at that facility.

8. The most recent policy regarding interpreters, finalized as of March 1, 2016, is attached as Exhibit A. The memo to staff accompanying the policy, which is included in Exhibit A, was also finalized on March 1, 2016. The date on the document automatically updates when the document is opened so it contains today's date even though it was finalized on March 1, 2016. The policy and memo are posted on the Madison VA Hospital's SharePoint site. All staff at the Madison VA Hospital and its clinics have access to this site and are instructed to go there for all current VA policies and procedures.

9. The Madison VA Hospital's March 1, 2016 policy establishes a policy regarding the use of interpreters to assist patients and families in the normal delivery of medical care when the use of a common language is not possible. Exhibit A. It is the Madison VA Hospital's policy that language barriers will not prevent the provision of critical medical care. *Id.* Under the policy, interpreter services are contracted or arranged from available sources and will be used to ensure that patients and providers

can communicate essential medical information. *Id.*

10. Under the Madison VA's current policy, providers are responsible for ensuring essential medical information is effectively communicated when a language barrier exists and that patients and family are fully informed about their medical care in a language they can understand. Ex. A. Providers are required to encourage the use of interpreter services regardless of the presence or availability of family or friends. *Id.* Staff are instructed to contact Social Work Services to arrange for sign language interpreters when such services are requested by a patient or family member. *Id.*

11. I personally have instructed the social workers at the Madison VA Hospital and its clinics to contact me, or the Administrator on Duty, who is always available, should a patient or a patient's family member request a sign language interpreter.

12. The Madison VA Hospital has access to sign language interpreters through two methods – live and virtual. The primary method is through the VA's contract with Language Line Solutions, Inc. Staff must first contact Language Line Solutions, Inc. to request a sign language interpreter. If Language Line Solutions, Inc. is unable to provide a sign language interpreter on a particular day, staff can use vendors with no contract but who are registered in the VA system. The Madison VA Hospital has three registered vendors that they are able to contact if Language Line Solutions, Inc. cannot provide an interpreter for a clinical encounter. The VA is in the process of completing the paperwork to register a fourth vendor to provide sign language interpreter services.

4

13. In addition to contracting for in-person interpreters, the Madison VA Hospital has purchased computer software for accessing a Video Remote Interpreter service through Language Line Solutions, Inc. The software provides for American Sign Language interpreter services 24 hours/day, seven days a week. The Madison VA Hospital has a laptop with VRI software for use in the hospital. Madison VA has computers with VRI software for use at the West, Rockford, Janesville, and Baraboo clinics that will be available once the secure connection is authorized. The VA is in the process of providing equipment and software licenses for two additional computers with VRI capability for the remaining clinics.

14. The Madison VA Hospital and its clinics also have hand-held listening devices available for individuals who are hearing impaired but not deaf.

15. In the event that interpreter services are unavailable for any reason, Madison VA Hospital and clinic staff uses notepads, computers, or other methods of written communication to communicate with individuals who are deaf or hearing impaired.

16. Pursuant to the Madison VA Hospital's previous policy regarding interpreters, the Madison VA Hospital social worker staff requested its vendor, Language Line Solutions, Inc., to provide a live sign language interpreter for Ms. McRaniels for a VA medical appointment for another individual that she attended in August, 2015. Language Line Solutions confirmed an interpreter would be available for Ms. McRaniels at that appointment. However, the interpreter cancelled at the last minute due to transportation issues. At the medical appointment, a laptop was

provided to the physician in order for him to effectively communicate with Ms. McRaniels. Further, a social worker informed Ms. McRaniels about the unavailability of the interpreter and she indicated she understood.

17. Ms. McRaniels requested that an interpreter be provided for her for an appointment for the same individual that she attended at the CBOC in Baraboo in November, 2015, and an interpreter was provided by the VA at that appointment through Language Line Solutions, Inc.

18. Ms. McRaniels also requested an interpreter for an appointment for that individual at the CBOC in Baraboo in May 2016. An interpreter was present at the facility for that appointment but Ms. McRaniels did not attend that appointment.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge.

Executed on this __10__ day of June, 2016.

_JANE LUDWIG_